FRANK L. CARLSON and MARIANE CARLSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlson v. Commissioner
Docket Nos. 13540-78, 3380-79.
United States Tax Court
T.C. Memo 1981-117; 1981 Tax Ct. Memo LEXIS 628; 41 T.C.M. (CCH) 1090; T.C.M. (RIA) 81117; March 12, 1981. Frank L. Carlson and Mariane Carlson, pro se. Beth L. Williams, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In these consolidated cases, respondent determined deficiencies in the amounts of $ 3,059 and $ 5,585.16 in petitioners' Federal income taxes for 1975 and 1976, respectively. The issues for decision are: 1. Whether petitioners are entitled to deductions for depreciation or amortization for 1975 and 1976 with respect to money invested in connection with the operation of a sanitary landfill refuse dump; and 2. Whether petitioners are entitled to deductions for automobile expenses and the expense of an office in the home in any amounts greater than those allowed *629 by respondent for 1976. FINDINGS OF FACT Petitioners Frank L. Carlson and Mariane Carlson, husband and wife, filed joint Federal income tax returns for 1975 and 1976. They were legal residents of Burton, Michigan, at the time the petitions herein were filed. In 1957, petitioners purchased approximately 75 acres of land (the Grand Blanc landfill) located in Mundy Township, Genesee County, Michigan. Beginning in 1959, this property was used as a sanitary landfill refuse dump. Such use of the property was continuous through the time of trial, with the exception of brief periods in 1962, 1963, and 1967 during which the Grand Blanc landfill was closed by order of the local government. Petitioners have not physically carried on the operation of the refuse dump at the Grand Blanc landfill. Instead, pursuant to a number of different agreements entered into over the years, they have furnished the property for use as a refuse dump by an "operator" in exchange for either a flat rental or a percentage of the profits from the operation of the business. The approximate periods during which the business was conducted by each of the operators with whom petitioners had made agreements *630 as of the time of trial are as follows: Period of Operation
Operator
1959 through 1962
Al Spooner
1963 through May 1967
Donald Moench
June 1967 through date of trial
William Leoni
The agreements entered into with these operators, in varying degrees, contain some language that is characteristic of a lease and some language that is more characteristic of a partnership or joint venture agreement. Prior to June 1967, in addition to furnishing their land for use as a refuse dump, petitioners made cash advances to their operators and either made direct expenditures or additional cash advances for equipment, repairs, court costs, and attorney fees (among other items) in connection with the conduct of the refuse dump business. The total amount of these cash advances and expenditures was in the range of $ 87,000 to $ 89,000. With respect to this sum, petitioners claimed no deduction for depreciation or amortization of their tax returns until 1972. None of the equipment purchased prior to June 1967 was used at the Grand Blanc landfill subsequent to that date. On their 1975 and 1976 tax returns, petitioners reported the amounts of $ 15,900 and $ 21,650, respectively, *631 as income from their "Landfill Farm." They claimed deductions in these respective amounts (the entire amount of the income received from the landfill in 1975 and 1976) as "Amortization Recovering Capital Investment Grand Blanc Land-fill." In this connection they reported the figure of $ 87,000 as the cost basis in their investment in the Grand Blanc landfill. On their 1976 return, petitioners claimed a deduction in the amount of $ 1,000 for "Home Office Rent." In addition, they claimed a $ 2,000 deduction for the business use of an automobile. That figure represented one-half of the total cost of operating the automobile for all purposes during 1976. In the notice of deficiency issued for 1975, respondent disallowed in its entirety the deduction claimed by petitioners for amortization of their investment in the Grand Blanc landfill. The explanation of adjustments attached to that notice of deficiency states that: Land fill does not qualify for amortization. Salvage value has not been shown to be less than basis. In a separate notice of deficiency issued for 1976, respondent also disallowed in full the amortization deduction claimed by petitioners for that year, stating as *632 his reason the following: It is determined that the amortization deduction which you claimed on the land and assets used in your landfill business located in Mundy Township, Michigan, in the amount of $ 21,650.00 is not allowable because you have not established the basis of the land and assets used in the landfill business nor have you elected a proper method of computing your amortization deduction. Respondent further disallowed $ 400 of the $ 1,000 deduction claimed by petitioners for the expense of maintaining an office in the home during 1976. In addition, respondent disallowed $ 560 of the $ 2,000 deduction claimed by petitioners for automobile expenses. OPINION Section 167(a) [1] provides in pertinent part that: There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in the trade or business. Section 1.167(a)-10, Income Tax Regs., provides in part as follows: (a) A taxpayer should deduct the proper depreciation allowance each year and may not increase *633 his depreciation allowances in later years by reason of his failure to deduct any depreciation allowance * * *. (b) the period for depreciation of an asset shall begin when the asset is placed in service and shall end when the asset is retired from service. * * * Petitioners contend that they are entitled to deductions in 1975 and 1976 for depreciation or amortization with respect to $ 87,000 invested by them in connection with the operation of the Grand Blanc landfill prior to June 1967. [2]
Respondent's position is that petitioners are not entitled to deductions for depreciation and amortization in 1975 and 1976 because the $ 87,000 basis reported on their tax returns represents an investment in assets used, and operating expenses incurred, *634 in conducting the business in taxable periods prior to June 1967. We agree with respondent. It is clear from the record that none of the $ 87,000 for which petitioners seek a depreciation deduction was expanded for assets used in, or for any other purposes connected with, the operation of the landfill business during 1975 and 1976, the years before the Court. In fact, apparently most (if not all) of the equipment represented by a portion of the $ 87,000 basis reported by petitioners was either taken or pucahsed [3] by Donald Moench at the end of his term as operator of the landfill business, i.e., May 1967. It further appears that many of the expenditures included in the $ 87,000 basis were not capital in nature and should have been deducted in the year in which they were incurred. In sum, the record simply does not support petitioners' claim to a deduction for depreciation or amortization in 1975 and 1976. We do wish to note that it appears that petitioners have been badly misinformed with respect to the nature of the allowance for depreciation granted under section 167. Throughout the trial *635 and on brief, petitioner Frank L. Carlson has maintained that petitioners should be allowed to offset their $ 87,000 "basis" against all income received from the Grand Blanc landfill until the entire amount of their investment has been recovered. [4] Unfortunately for petitioners, the Internal Revenue Code does not provide for such a method of capital recovery; to the extent that the $ 87,000 represents investment in depreciable assets used in the operation of the landfill business prior to June 1967, petitioners should have claimed deductions for depreciation in the years prior to that time. [5] As stated in the regulations quoted above, no depreciation deduction is allowable in a later year by reason of the failure to deduct depreciation attributable to an earlier year. *636 The issue remaining for decision is whether petitioners are entitled to deductions for automobile expenses and the expense of an office in the home in amounts greater than those allowed by respondent for 1976. With respect to both of these items, petitioner Frank L. Carlson simply testified that the amounts claimed on petitioners' tax returns represented the minimum expenses that could have been incurred in operating their automobile and in using a portion of their home for business purposes. There are no further facts in the record from which we can determine whether petitioners are entitled to deductions in any amounts greater than those allowed by respondent. On the basis of this record, we must uphold respondent's determination. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. There is some confusion in the record as to whether petitioners are also claiming entitlement to a depreciation deduction with respect to the exhaustion of space in the grand Blanc landfill. As we interpret their contentions, they do not make such a claim. In any event, however, they have not established the facts required to entitle them to such a deduction. Compare Sexton v. Commissioner,42 T.C. 1094↩ (1964).
3. The exact disposition made of the equipment is not clear from the record.↩
4. In an attachment to petitioners' 1974 Federal income tax return, which was submitted as part of the evidence in this case, it is stated that: "I am advised under corporate business depreciation I am allowed to depreciate at any time money earnings become available." ↩
5. To the extent that the allowance for depreciation would not have permitted full recovery of petitioners' capital investment by June 1967, they may have been entitled to a loss deduction at that time. See sec. 1.167(a)-8, Income Tax Regs.↩